IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawrence Johnson, ) | C/A No. 1:10-2189-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Lawrence Johnson, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

In a detailed and comprehensive Report and Recommendation, the Magistrate Judge assigned to this action[1] recommends that this action be remanded for further review by the Administrative Law Judge (ALJ) for three somewhat interrelated reasons. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The Commissioner has timely objected to the Report and Recommendation and disagrees with the Magistrate Judge as to each of the suggested three grounds for remand.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

DISCUSSION

As to the initial claim for disability benefits, the Magistrate Judge recommends that the decision of the Commissioner be reversed for two independent reasons, and the Commissioner has objected to this portion of the Report and Recommendation. As to one asserted ground of error, namely the argument that the ALJ unreasonably found plaintiff's impairment did not meet the requirements of Listing Section 7.05A, the Magistrate Judge agrees with the Commissioner and the plaintiff has not objected to this portion of the Report.

As to the plaintiff's request for a remand for consideration of evidence that was before the Appeals Council, but not before the ALJ, the Magistrate Judge suggests that the evidence put before the Appeals Council was not "new" making 20 CFR § 404.970(b) inapplicable. The plaintiff has not taken objection to this portion of the Report.

Finally, the Magistrate Judge determined that the Commissioner's August 6, 2010 favorable decision on his second application was not new and material evidence for which a reversal and remand under sentence six of 42 U.S.C. § 405(g) would be appropriate. The plaintiff has not taken objection to this portion of the Report.

As to those portions of the Report that are before this court because of the Commissioner's objections, this court has, after careful consideration of the total record in this case, concluded that the Magistrate Judge's recommended disposition is correct.

THE ALJ'S EVALUATION OF PLAINTIFF'S SUBJECTIVE COMPLAINTS

The plaintiff contends, and the Magistrate Judge agrees, that the action should be remanded so that the ALJ may consider plaintiff's subjective complaints and evaluate his credibility without requiring the specific physical manifestations of Sickle Cell Disease

(SCD) pain that the ALJ discussed in his July 28, 2009 opinion. In essence, the Magistrate Judge concludes that the ALJ did not properly follow the decision of the United States Court of Appeals for the Fourth Circuit in *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006), which involved a claimant with SCD, the same malady that the plaintiff in this action suffers from.

As the Magistrate Judge observes, the Fourth Circuit pointed out in *Hines* that SCD is a "particularly insidious disease because it rarely produces the objective medical evidence that clinicians desire." 453 F.3rd at 560–61. The court went on to observe:

> "[p]atient[s] with SCD . . . are in an almost uniquely disadvantaged position from the point of view of pain management. The condition is life threatening at times, yet patients are healthy between sickling episodes. Some individuals are affected by painful episodes much more than others, and pain is often the only or main symptom of an acute episode of illness."

453 F.3d at 561 (quoting James Elander & Kenny Midence, *A Review of Evidence About Factors Affecting Quality of Pain Management in Sickle Cell Disease*, 12(3) The Clinical J. of Pain 180–93 (Sept. 1996)).

In *Hines*, the ALJ made the error of discounting claimant's subjective complaints because there was "no evidence of end-organ damage to [claimant's] kidneys or bones, neurological deficits, swollen joints or extremities, muscle atrophy, or decreased range of motion in [claimant's] joints." *Id.* at 563.

The Magistrate Judge is of the opinion that the ALJ made a similar mistake in this case. According to the Magistrate Judge, the plaintiff provided sufficient evidence of his sometimes-debilitating pain through his testimony, the opinions of his treating physicians, and the medical records of numerous treatments for pain and crises from his SCD. Then, according to the Magistrate Judge, the ALJ improperly focused on objective evidence (or the

3

lack thereof) in the second portion of his analysis, discounting the plaintiff's subjective claims of pain. TR at 22 (noting that the evidence did not show "strength deficits, circulatory compromise, neurological deficits, muscle spasms, fasciculations, fibrillations, or muscle atrophy or dystrophy").

In objecting to this portion of the Report, the Commissioner contends that first, the ALJ found several discrepancies in the record that undermine plaintiff's credibility. Secondly, the ALJ correctly "considered the objective evidence in the record." Objection Mem. at 2. The Commissioner then suggests that the Magistrate Judge has engaged in improperly weighing the evidence, because that is not the court's function.

This court respectfully disagrees that the Magistrate Judge has improperly weighed the evidence. After carefully considering the Magistrate Judge's comprehensive Report and Recommendation, containing an exhaustive review of the record in this matter, the court is left with the firm conclusion that the ALJ violated *Hines* by discounting plaintiff's subjective testimony based on the lack of objective criteria regarding SCD, a disease which does not often manifest itself objectively.

Similarly, the Magistrate Judge is of the opinion that the ALJ erred by discounting the opinions of Dr. Allen Kolb, plaintiff's treating physician. The Magistrate Judge correctly notes that the standard law in this area is that if a treating source's medical opinion is "well supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight." SSR 96-2p; *see also* 20 C.F.R. § 416.927(d)(2) (providing treating source's opinion will be given controlling weight if well-supported by medically-acceptable clinical and laboratory diagnostic techniques and inconsistent with

4

other substantial evidence in the record).

In this case, the ALJ discussed some of Dr. Kolb's medical records and gave little weight to Dr. Kolb's opinions that plaintiff would miss "more than three days of work per months because of his sickle cell disease." TR at 760. The Magistrate Judge suggests that the ALJ improperly discounted Dr. Kolb's opinion. Just as the ALJ improperly required objective medical evidence to discount plaintiff's claims of pain, the Magistrate Judge suggests that the ALJ did not properly evaluate the treating physician's testimony in light of the *Hines* decision regarding claimants with SCD.

Plaintiff has objected to this portion of the Report, arguing that the Magistrate Judge incorrectly finds that the ALJ only considered the objective medical evidence in discounting Dr. Kolb's opinions.

As the Magistrate Judge specifically provided, however,

> In discounting Dr. Kolb's opinions, the ALJ finds that Plaintiff's subjective complaints are "not associated with bony or joint destruction, bruising, significant swelling or erythema, significantly increased skin temperature, or recurrent fevers." Tr. 23. He does not explain why he believes the absence of those physical symptoms are important, highlighting the need for remand. On remand, the ALJ should consider Dr. Kolb's records and opinions in light of the Fourth Circuit's instruction in *Hines* regarding claimants with [sickle cell disease]. *See Hines*, 453 F.3d at 565. Further, in his decision, the ALJ should consider the factors set forth in 20 C.F.R. § 419.927. He should also provide detailed information regarding the opinions he considers and reasons for accepting or rejecting them.

R&R at 24–25.

This court thus concludes that the Magistrate Judge's analysis is correct and that the ALJ improperly discounted plaintiff's subjective testimony.

5

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and "whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

Having identified two procedural errors in the decision of the ALJ, this court is led to conclude that the Magistrate Judge's recommendation that this action be remanded for further review in light of the discussion herein is appropriate, and the Report is adopted herein by reference.

Accordingly, the objections are all overruled and this action is hereby remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set out here and in the Magistrate Judge's Report and Recommendation, which is incorporated herein by reference.

IT IS SO ORDERED.

December 8, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

6