IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawrence Johnson, | ) | C/A No.  1:10-2189-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON MOTION |
| v. | ) | FOR ATTORNEY'S FEES |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On December 8, 2012, this court reversed the Commissioner's final decision and remanded the case to the Commissioner for further administrative proceedings. Counsel for the plaintiff, Paul McChesney, has now moved for attorney's fees under the Equal Access to Justice Act (EAJA) , 28 U.S.C. § 2412(d).   He suggests that because the plaintiff is the prevailing party in this action for social security benefits and that because the position of the Commissioner was not substantially justified, attorney fees are appropriate under EAJA. Counsel seeks an award of fees in the amount of $11,376.97.[1]

The Commissioner has filed a memorandum opposing the fee petition suggesting that the government's position in this case was substantially justified.  The Commissioner takes a fallback position that if the court does award fees, the award should be to the plaintiff, not to his attorney.  The Commissioner does not contest the amount of the fees requested.

After carefully reviewing the entire record in this case, including this court's order

---

[1]  Plaintiff seeks 28.4 hours of attorney work by Paul McChesney at the rate of $176.25 per hour; 33.65 hours of attorney work by Leslie Locklair at the rate of $176.25, and 5 hours of paralegal time at the rate of $88.13 per hour.

remanding the action for further proceedings, the court concludes that the Commissioner has not met its burden of showing that its position was substantially justified in this case.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party[2] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law.*" Thompson  v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). "The Government's position is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The government need not "win to prove its position substantially justified; 'it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Cody*, 631 F.3d at 141 (quoting *Pierce*, 487 U.S. at 566 n. 2). "The government's position 'encompass[es] both the agency's prelitigation conduct and the Department of Justice's subsequent litigation position[ ].'" *Crawford*, 935 F.2d at 656–57 (quoting *I.N.S. v. Jean*, 496 U.S. 154, 159 (1990)); see also 28 U.S.C. § 2412(d)(2)(D).

---

[2] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). Counsel also attests the plaintiff is an individual whose net worth did not exceed $2 million at the time the action was filed.

When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138–39 (4th Cir. 1993).

The district court has substantial discretion in fixing the amount of an EAJA award, but must ensure that the final award is reasonable. *Hyatt v. Barnhart*, 315 F.3d 239 (4th Cir. 2002). A request for attorney's fees should not result in a second major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

This court carefully considered the Report and Recommendation and the Commissioner's objections to the Report, ultimately agreeing with the Magistrate Judge and remanding this action to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further administrative action. In doing so, this court relied primarily upon the case of *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006). The Magistrate Judge had relied upon the *Hines* case as well, suggesting that the present case was strikingly similar in terms of its facts.

After carefully reviewing the entire record in this matter as a whole, including the Report and Recommendation and this court's order affirming the Magistrate Judge, the court is left with a firm conviction that the position of the Commissioner was not substantially justified. Many social security cases present difficult, complex issues and the decision by this court is frequently a difficult one. In light of the *Hines* decision providing clear guidance to the parties here, the court has concluded that this case is one in which the justification of the Commissioner was not nearly so strong as it is in many other cases. Accordingly, the

court will award the requested attorney fees.

Even though the Commissioner has not objected to the amount of the fee award, the court has conducted the necessary review and finds that the hours expended and the hourly rate sought for both the attorneys and the paralegal are reasonable under the circumstances. The court agrees with the Commissioner, however, that payment should be made to the plaintiff and not to plaintiff's counsel..[3]

For all the foregoing reasons, the court grants the plaintiff's motion (ECF No. 36) and awards EAJA fees to the plaintiff in the amount of $11,376.97, representing 28.4 hours of attorney work by Paul McChesney, 33.65 hours of attorney work by Leslie Locklair (both of these attorneys receiving an hourly rate of $176.25 per hour); and five hours of paralegal time at the rate of $88.13 per hour.

The plaintiff shall have 60 days after being served with a Notice of the Past Due Benefits to file for fees under 42 U.S.C. § 406(b).  If plaintiff demonstrates entitlement to a fee under this provision, the attorney will be required to refund to the plaintiff the amount of the smaller of the two fees.

IT IS SO ORDERED.

March 29, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[3] The fees must be paid to plaintiff.  *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).